IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROBERT GUY BAKER, | ) | No. C 07-3664 MJJ (PR) |
| Plaintiff, | ) | **ORDER OF TRANSFER** |
| v. | ) | |
| BILL LOCKYER, et al., | ) | **(Docket Nos. 3 & 4)** |
| Defendants. | ) | |

This is an action filed by a state prisoner proceeding pro se and incarcerated at California State Prison, Folsom ("CSPF"), in Folsom, California. Plaintiff complains that his constitutional rights were violated at CSPF and at California State Prison, Sacramento ("CSPS").

Venue may be raised by the court sua sponte where the defendant has not yet filed a responsive pleading and the time for doing so has not run. See Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986). When jurisdiction is not founded solely on diversity, venue is proper in (1) the district in which any defendant resides, if all of the defendants reside in the same state; (2) the district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. See 28 U.S.C. § 1391(b). When venue is improper, the district court has the discretion to either dismiss the case or transfer it "in the interest of justice." See 28 U.S.C. § 1406(a).

Here, the defendants are located in Sacramento, California, and the alleged actions giving rise to the claims took place at CSPF and CSPS, all of which are within the venue of the Eastern District of California. See 28 U.S.C. §§ 84(b). In the interest of justice, this

**United States District Court**
For the Northern District of California

1  action is hereby TRANSFERRED to the United States District Court for the Eastern District

2  of California. In light of this transfer, the Court will defer to the Eastern District for a ruling

3  on plaintiff's applications to proceed in forma pauperis.

4      The Clerk is directed to transfer the action forthwith.

5      This order terminates Docket Nos. 3 & 4 from this court's docket.

6      IT IS SO ORDERED.

7  DATED: September 20, 2007

8                             MARTIN J. JENKINS

9                             United States District Judge

2